# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **Sean Gottlieb**, Pro Se, <br> 555 E. Hazelwood Ave., <br> Apt. 244 Rahway, NJ 07065 <br> seangottlieb@yahoo.com <br>     Plaintiff, <br> <br> v. <br> <br> **National Student Loan Data Service**, et al, <br> 400 Maryland Avenue, SW <br> Washington, D.C. 20202 <br>     Defendant <br> <br> **THE US DEPARTMENT OF EDUCATION** <br> 400 Maryland Avenue, SW <br> Washington, D.C. 20202 <br>     Defendant | Civil Action No. 24 -cv- 3644 (TSC) <br> <br> <br> <br> **ADMINISTRATIVE PROCEDURE ACT** <br> <br> **5 U.S.C. § 702** |

## MOTION FOR DEFAULT JUDGMENT AND EMERGENCY INJUNCTIVE RELIEF

NOW COMES the Plaintiff, *Sean Gottlieb*, pro se, and respectfully moves this Honorable Court to grant **Default Judgment** and issue **Emergency Injunctive Relief** against the Defendant, *United States Department of Education*, for its failure to file a timely response to Plaintiff's Amended Complaint, as required by the Court's prior Order.

1

**In support thereof, Plaintiff states the following**:

## GROUNDS FOR DEFAULT JUDGMENT

1. On or about April 17, 2025, Plaintiff filed an Amended Complaint which was duly served on all named Defendants, including the U.S. Department of Education.
2. The Court subsequently issued an Order requiring all Federal Defendants to file a response **by June 14, 2025.**
3. As of the filing of this motion, **Defendant has failed to file any answer or responsive pleading**, in violation of the courts order.
4. Pursuant to Fed. R. Civ. P. 55(a), the Clerk may enter default where a party "has failed to plead or otherwise defend." Plaintiff now moves this Court to enter **default judgment in Plaintiff's favor** and grant the relief requested in the Amended Complaint.

## REQUEST FOR EMERGENCY INJUNCTIVE RELIEF

5. Plaintiff respectfully invokes Fed. R. Civ. P. 65 and the Court's inherent equitable authority to issue immediate relief as follows:
6. Pursuant to **Federal Rule of Civil Procedure 55(b)**, Plaintiff respectfully requests that this Court enter **Default Judgment** against the Defendant, **United States Department of Education**, for failure to plead or otherwise respond to the Amended Complaint by the Court's ordered deadline of **June 14, 2025**.
7. Under Rule 55(b)(2), once default is entered by the Clerk of Court under Rule 55(a), the Court may enter a judgment by default upon motion and notice to the defaulting party. The record clearly demonstrates that:
8. Defendant was properly served with the Amended Complaint;
9. The Court ordered the Department to respond by June 14, 2025;
10. No response or appearance has been filed by the Department as of this date;
11. **Plaintiff has suffered—and continues to suffer—irreparable educational and financial harm as a result of the Defendant's inaction;**
12. The relief requested is specific, quantifiable, and not excessive, and
13. Entry of default judgment will not prejudice the Defendant, as the requested loan funding remains a repayable financial obligation under Title IV.

**WHEREFORE, Plaintiff respectfully asks the Court to:**

14. **Enter default judgment** in Plaintiff's favor;
15. **Order the immediate emergency injunctive relief** as outlined below;
16. **Grant all remaining relief** from the Amended Complaint within thirty (30) days;
17. And award such other and further relief as the Court deems just and proper.

**Injunctive Relief Sought**

Plaintiff requests that this Court **order the U.S. Department of Education** to:

18. **Remove all flags** in the federal student loan database (NSLDS) that currently designate Plaintiff as ineligible to borrow additional student loans due to exceeding the aggregate limit, **within five (5) business days** of this Order.
19. **Restore Plaintiff's eligibility** to apply for up to **$30,000 in federal student loans within five (5) business days** of this Order to be used for:
    A. The current semester (Spring/Summer 2025), in which Plaintiff is enrolled but tuition **remains unpaid**, and
    B. The upcoming Fall 2025 and Winter 2026 semesters (which will complete Plaintiff's graduate degree in Public Health).
20. Allow these funds to be disbursed **through Walden University's financial aid office** using standard Title IV distribution processes.
21. **Order that Walden University Take no adverse actions against Plaintiff's enrollment** status due to outstanding tuition, pending the disbursement of said funds.

**Urgency and Harm**

Plaintiff is currently enrolled and attending classes but **faces imminent disenrollment** due to unpaid tuition. Without emergency relief:

22. Plaintiff will be **barred from registering for the final two courses** (field practicums) needed for graduation.
23. Plaintiff's academic future will suffer **irreparable harm**.
24. The Department will suffer **no prejudice**, **or harm**, as the requested $30,000 is a **federal student loan**, not a grant, and will be repaid.

**Legal Justification**

25. As outlined in Plaintiff's Amended Complaint and the Department's own correspondence, the Department:
    A. **Misapplied capitalized interest** in determining eligibility,
    B. **Failed to correct** loan linkage errors in violation of 34 CFR § 685.203,
    C. **Violated the APA**, 5 U.S.C. § 706, by engaging in arbitrary and capricious decision-making.
    D. **Refused** to take action when presented with proof that the aggregate loan balances being reported were not accurate.
    E. **Continues to report** loan balances for which it has no proof of the amount or date the loan was issued due to not being in possession of valid promissory notes for each individual loan.
26. This Court is empowered to grant injunctive relief to prevent ongoing violations of federal law. See *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *League of Women Voters v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

27. Enter **default judgment** in favor of the Plaintiff for Defendants' failure to timely respond;
28. Issue an **emergency injunction** compelling the U.S. Department of Education to:
29. Remove flags and restore Plaintiff's eligibility for federal loans within 5 business days.
30. Order the department of education to permit Plaintiff to borrow an additional $30,000 in new federal student loans, by restoring the eligibility for those loans within 5 business days.
31. Order the department to disburse such funds through Walden University's standard process.
32. Prohibit Plaintiff's disenrollment by Walden University for nonpayment while this Order is being executed.
33. Grant **any and all other relief** this Court deems just and proper, including an Order to show cause why the Department should not be sanctioned for ignoring a court-ordered response deadline.
34. Order the US Department of education to notify the Plaintiff and the court in writing when the above court ordered actions, and **eligibility to borrow the additional $30,000** have been taken. The Plaintiff need to be notified so that the application for financial aid/loans can be properly filed through the Walden University Financial aid office, which can only be done **AFTER** eligibility for those loans is restored by the U.S Department of education.

Respectfully submitted,
**Sean Gottlieb**, Pro Se
555 E. Hazelwood Ave., Apt. 244
Rahway, NJ 07065
Email: seangottlieb@yahoo.com
Date: June 15, 2025

Date of signing:   06/15/2025

Signature of Plaintiff: *Sean Gottlieb*

4