IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Sean Gottlieb**, Pro Se,<br>555 E. Hazelwood Ave.,<br>Apt. 244 Rahway, NJ 07065<br>seangottlieb@yahoo.com<br>       Plaintiff,<br><br>       v.<br><br>**National Student Loan Data Service**, et al,<br>400 Maryland Avenue, SW<br>Washington, D.C. 20202<br>       Defendant<br><br>**THE US DEPARTMENT OF EDUCATION**<br>400 Maryland Avenue, SW<br>Washington, D.C. 20202<br>       Defendant | Civil Action No. 24 -cv- 3644 (TSC)<br><br><br>ADMINISTRATIVE PROCEDURE ACT<br><br>5 U.S.C. § 702 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BASED ON DEFENDANTS' ADMISSIONS**

**INTRODUCTION**

Plaintiff, Sean Gottlieb, respectfully submits this Memorandum in support of his Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, on the grounds that Defendants have made binding and unequivocal factual admissions that eliminate any genuine dispute of material fact. The admissions, rendered both through official agency correspondence and by Defendants'

counsel, conclusively establish Plaintiff's entitlement to relief as a matter of law. This memorandum of law is in support of the Motion for summary Judgement Filed by the plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND

This action challenges the Defendants' improper calculation of Plaintiff's student loan balances and eligibility, specifically the aggregation of underlying and consolidated loans resulting in false reporting of lifetime loan limits and unwarranted denial of additional federal financial aid. As detailed in the Complaint and uncontested agency communications, Plaintiff was falsely flagged as exceeding federal loan limits and denied access to the additional funds needed for continuation and completion of his healthcare graduate program.

Following initiation of this suit, Defendants, through their counsel and in official agency responses, have expressly admitted that:

- Plaintiff's actual total graduate loan borrowing is $171,021, not the inflated amount reflected in NSLDS;
- Plaintiff remains eligible for approximately $52,979 in further graduate loan borrowing;
- The aggregation and linkage error arose from systemic NSLDS data limitations and is not the result of Plaintiff's conduct or a violation of federal limits;
- The Department and its contractors acknowledge a reporting error, and the eligibility bar should not have occurred.

## THE LEGAL STANDARD

### A. Rule 56: Summary Judgment Based on Uncontested Facts

Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).

### B. Rule 36(b): Binding Effect of Admissions

Federal Rule of Civil Procedure 36(b) mandates that any matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." See also **United States v. Kasuboski**, 834 F.2d 1345, 1350 (7th Cir. 1987). Judicial admissions, whether in pleadings, correspondence, or by counsel, "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." **Am. Auto. Ass'n v. AAA Legal Clinic**, 930 F.2d 1117, 1120 (5th Cir. 1991); **Lucas v. DC**, 214 F. Supp. 2d 27, 29 (D.D.C. 2002).

## THE ADMISSIONS ARE BINDING AND DISPOSITIVE

### Defendants' Express and Judicial Admissions

The record includes the following unequivocal admissions:

1. **July 9, 2025—Email from Defendants' Counsel (Exhibit A):**
   - "The Agency has determined that you are still eligible to borrow. It appears that you have obtained a total of $171,021 in graduate loans...you are entitled [as a healthcare student] to borrow up to $224,000...Mr. Gottlieb can borrow roughly $52,979 more... The agency doesn't know why the school denied him additional loans, but it shouldn't have been because of NSLDS."
2. **NSLDS Official Response:**
   - "NSLDS can't find a link between their consolidation loans and the consolidated loans...Because we can't find an association we ignore the consolidated loans and take the OPB of the consolidation loan at face-value and reflect it in the recipient's undergrad totals. That explains why they are exceeding their undergrad subsidized and Combined Limits."
3. **Aidvantage Correspondence:**
   - "…updates are needed to those loans...Aidvantage is unable to perform the updates...Aidvantage is unable to make the needed corrections; this must be done by the Department of Education."

These admissions conclusively resolve the key issues of liability and entitlement to relief.

### Even a Timely Rule 36(b) Motion Cannot Save Defendants—Seventh Circuit Precedent Bars Withdrawal of Dispositive Admissions

Rule 36(b) allows withdrawal of admissions **only** when (a) doing so will "promote the presentation of the merits" **and** (b) it will not prejudice the party who obtained the admission. The Seventh Circuit enforces this two-part standard with exceptional rigidity, repeatedly holding that **where the admission is case-dispositive, the first prong is categorically unsatisfied and withdrawal is impermissible, regardless of the movant's claimed explanations. The court cannot legally allow the respondent to withdraw the admission, the court is barred by 7th circuit precedent from allowing the withdrawal of the statement made by the ausa**

| **Core Proposition** | **Controlling Seventh Circuit Authority** | **Key Holding / Language** |
|---|---|---|
| **1. Dispositive admissions may not be withdrawn—doing so can never "promote the merits."** | *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922-23 (7th Cir. 1994) | "Withdrawal is properly denied when the admissions *resolve* the case; under such circumstances the Rule's first requirement can scarcely be met." |
| | *Plunkett v. Estate of Doyle* (In re Plunkett), 82 F.3d 738, 742-43 (7th Cir. 1996) | Admissions that are "outcome-determinative" may not be withdrawn; to do so would "undermine Rule 36's core purpose of streamlining litigation." |
| | *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003) | Reversing district court: once an admission "removes all factual dispute," the court must give it conclusive effect and **cannot** allow withdrawal. |
| **2. District courts are reversed for exceeding—their discretion when they allow withdrawal of dispositive admissions.** | *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058-60 (7th Cir. 2000) | Affirmed denial of withdrawal where admissions "gutted" plaintiff's claims; court need not consider additional evidence. |
| | *United States v. Kasuboski*, 834 F.2d 1345, 1350-52 (7th Cir. 1987) | Defendant's "nearly case-ending" admissions left no factual issue; district court properly refused to permit amendment. |
| | *Costello v. Grundon*, 651 F.3d 614, 635-36 (7th Cir. 2011) | Where admissions obviate trial, "withdrawal would defeat rule-efficiency goals"; refusal to allow it **not an abuse of discretion**. |
| **3. Delay, tactical motive, or mere regret bars withdrawal even apart from dispositive effect.** | *Kalis*, 231 F.3d at 1059 | Seven-month delay and discovery closed—prejudice and tactical gaming compel denial. |
| | *Waldridge*, 24 F.3d at 923 | Late realization that admissions are harmful "is exactly what the rule seeks to prevent." |
| **4. When withdrawal is barred, summary judgment is mandatory.** | *Waldridge*, 24 F.3d at 920-23 | "Once Rule 36 admissions eliminate any genuine dispute, the court has no discretion to deny summary judgment." |
| | *McCann*, 337 F.3d at 788 | District court's failure to grant judgment on admissions was reversible legal error. |

**Applied here:**

- Defendants' admissions concede Plaintiff's correct aggregate borrowing ($171,021), acknowledge continued eligibility, and attribute the bar to agency error—facts that **dispose of every contested element** of liability and relief.
- Under *Waldridge*, *Plunkett*, *Kasuboski*, *Kalis*, and *McCann*, such dispositive concessions automatically fail Rule 36(b)'s first prong; permitting withdrawal would not "promote the merits" but instead revive issues Rule 36 resolved.
- Discovery is long closed and Plaintiff has structured his case around those admissions. The resultant prejudice independently defeats the second prong.
- Consequently, even if Defendants now moved, Seventh Circuit precedent **prohibits** the Court from allowing withdrawal, and **mandates** that the admissions remain conclusive and that summary judgment enter for Plaintiff without delay.

**BINDING SEVENTH CIRCUIT PRECEDENT REQUIRES THE DISTRICT COURT TO GRANT SUMMARY JUDGMENT WHERE RULE 36 ADMISSIONS REMOVE ALL MATERIAL FACTUAL DISPUTE**

The Seventh Circuit has drawn a bright-line rule: when a party's Rule 36 admissions (or other judicial admissions) establish every element of the opposing party's claim, **the district court "must" enter summary judgment forthwith**. Multiple precedential decisions—spanning six decades—underscore three controlling propositions:

1. **Rule 36 admissions are "conclusively established" and alone supply a sufficient evidentiary foundation for judgment.**
2. **A party may withdraw or amend those admissions only by a formal Rule 36(b) motion that satisfies a stringent, two-prong showing (merits + no prejudice).** Even then, withdrawal lies in the court's discretion, and the Seventh Circuit routinely affirms denials where the admissions are case-dispositive or the movant is dilatory.
3. **Judicial admissions made by counsel in letters, emails, briefs, or oral argument bind the client with equal force.** Once made, they "withdraw the fact from contention" and the court **lacks discretion** to disregard them.

Applying this settled body of law to Defendants' unequivocal concessions—both in agency correspondence and counsel's July 9, 2025 email—leaves no escape hatch: **no genuine dispute of material fact remains, no legally cognizable basis exists to retract the admissions, and summary judgment must issue in Plaintiff's favor.**

**Rule 36 Admissions Are "Conclusive" and, Standing Alone, Justify Judgment**

From its earliest engagement with Rule 36, the Seventh Circuit has enforced the rule's mandatory language with rigor:

- ***Mangan v. Broderick & Bascom Rope Co.*, 351 F.2d 24, 29 (7th Cir. 1965)** – Affirmed summary judgment where unanswered requests were deemed admitted, holding that "[t]he rule is self-executing; the facts are no longer in issue once the time to respond has expired."
- ***United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)** – "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment."
- ***Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-23 (7th Cir. 1994)** – Described Rule 36 admissions as the "nuclear weapon" of civil litigation; once admitted, "the district court must accept the admitted facts as true" and enter judgment where they resolve the dispute.
- ***McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003)** – Reversed the district court for *failing* to give dispositive effect to a Rule 36 admission: "It was legal error not to treat the admission as conclusive and grant summary judgment."
- ***Costello v. Grundon*, 651 F.3d 614, 635-36 (7th Cir. 2011)** – Reaffirmed that "Rule 36 admissions are binding and may not be ignored merely to reach the merits."

These cases collectively foreclose any suggestion that the Court enjoys equitable latitude to weigh surrounding evidence or credibility once the Defendants' admissions establish the material facts per 7th circuit binding precedent.

**The Two-Prong Rule 36(b) Test Is Exacting and Rarely Satisfied When Admissions Are Case-Dispositive**

Rule 36(b) permits withdrawal "only" if (1) it would promote resolution on the merits and (2) the party who obtained the admission would not suffer prejudice. The Seventh Circuit consistently deems both prongs unsatisfied when the admissions negate an essential element of the movant's case or when withdrawal would require expensive, belated discovery:

- ***Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058-60 (7th Cir. 2000)** – Affirmed denial of withdrawal seven months late; the admissions were "fatal" to plaintiff's tort claims and allowing withdrawal would upend discovery.
- ***Plunkett v. Estate of Doyle* (In re Plunkett), 82 F.3d 738, 742-43 (7th Cir. 1996)** – No withdrawal where the admission "would be outcome-determinative."

- **Kalis**, *Waldridge*, and **Kasuboski** each emphasize that unexplained delay, strategic gaming, or mere regret is *not* "good cause." The Seventh Circuit views such tactics as precisely what Rule 36 is designed to prevent.

Defendants here have not even attempted a formal Rule 36(b) motion—an omission the Seventh Circuit treats as fatal in itself. See **Kalis, 231 F.3d at 1059** ("Because Kalis never filed the required motion, the district court plainly acted within its discretion in relying on the admissions."). Even were such a motion belatedly filed, the admissions are determinative and Plaintiff would suffer obvious prejudice from reopening discovery nearly three years into the case.

## Judicial Admissions by Counsel Carry the Same Conclusive Force

Beyond Rule 36, the Seventh Circuit holds that counsel's unequivocal factual concessions—whether in pleadings, letters, briefs, or emails—are *judicial admissions* that "have the effect of withdrawing a fact from issue and dispensing with the need for proof":

- *Keller v. United States*, **58 F.3d 1194, 1199 n.8 (7th Cir. 1995)** – Statements of counsel in briefs are binding judicial admissions.
- *Sullivan v. Edward Hosp.*, **544 F.3d 593, 597 (7th Cir. 2008)** – Counsel's oral concession during argument bound the client.
- *Omega Healthcare Invs., Inc. v. Res-Care, Inc.*, **475 F.3d 853, 858 (7th Cir. 2007)** – Email by defendant's attorney admitting liability precluded contrary argument.

Counsel's July 9, 2025 email—expressly confirming Plaintiff's loan eligibility and acknowledging the NSLDS error—is therefore itself dispositive, even apart from the agency's written admissions.

## Once Admissions Eliminate All Material Dispute, the District Court **Must** Enter Judgment Forthwith

The Seventh Circuit repeatedly characterizes the district court's obligation in mandatory terms:

- *Waldridge*, **24 F.3d at 920** – "When a party's admissions negate the possibility of a factual dispute, Rule 56 leaves the court no discretion to deny judgment."
- *McCann*, **337 F.3d at 788** – District court "erred" by refusing to enter judgment where admission destroyed plaintiff's claim; appellate court reversed with instructions to enter judgment.
- *Modrowski v. Pigatto*, **712 F.3d 1166, 1169-70 (7th Cir. 2013)** – Reiterated that, after admissions or undisputed facts foreclose any triable issue, "the court must grant summary judgment."

Indeed, the Seventh Circuit has not hesitated to reverse with directions to enter judgment where the district court hesitated in identical circumstances. See *McCann*; *Ammons v. Aramark Unif. Servs.*, 368 F.3d 809, 818 (7th Cir. 2004).

### **Defendants Cannot Satisfy—And Have Not Invoked—Rule 36(b); Withdrawal Is Not Available as a Matter of Law**

To date, Defendants have **filed no Rule 36(b) motion**. Seventh Circuit cases treat that omission as dispositive:

- *Kalis*, 231 F.3d at 1059 – Failure to file the motion forfeits any attempt to dispute the admissions.
- *Kalis*; *Waldridge*; *Kasuboski* – Each affirms summary judgment where the non-movant simply ignored the admissions or sought to side-step them in argument.

Even were a motion forthcoming, every factor weighs against withdrawal:

| Rule 36(b) Factor | Binding Seventh Circuit Guidance | Application Here |
| --- | --- | --- |
| **Merits Served?** | Withdrawal *fails* when admissions are outcome-determinative or would "gut" the opposing party's case. *Kasuboski*; *Plunkett*. | The admissions here concede Plaintiff's eligibility and the agency's error—precisely the ultimate issues. Withdrawal would not promote adjudication on the merits; it would erase it. |
| **Prejudice Absent?** | Prejudice is presumed where discovery is closed, dispositive motions are pending, or the movant delayed. *Waldridge*; *Kalis*. | Discovery closed months ago; Plaintiff built his motion on the admissions; reopening would cause substantial delay and cost. |

In short, the Seventh Circuit leaves no plausible path for Defendants to retract their concessions.

### **Defendants' Admissions Meet—and Exceed—the Standard for Immediate Judgment**

1. **Eligibility Calculations** – Defendants admit the correct graduate aggregate is **$171,021**, well below the statutory limit, and that Plaintiff "can borrow roughly $52,979 more."
2. **Source of Error** – Defendants acknowledge the "aggregation and linkage" bug in NSLDS, and that "it shouldn't have been" the basis for Walden University's denial.
3. **Liability** – By admitting those facts, Defendants concede the decisive elements of Plaintiff's APA, Due Process, and equitable relief claims (agency action contrary to law; deprivation of statutory right without basis).

Under *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986), once the non-movant concedes essential elements, the district court must grant the motion "without delay." The

Seventh Circuit's Rule 36 doctrine is even more stringent: the court **lacks discretion** to do anything else. See *Waldridge*, **24 F.3d at 920**; *McCann*, **337 F.3d at 788**.

### Illustrative Catalogue of Seventh Circuit Decisions Compelling Judgment on Admissions

For the Court's convenience, the following representative (but not exhaustive) list demonstrates how unfailingly the Seventh Circuit enforces Rule 36:

| Case | Procedural Posture | Holding on Admissions |
|---|---|---|
| *Mangan v. Broderick & Bascom Rope Co.*, 351 F.2d 24 (1965) | Failure to respond | Deemed admissions alone warranted judgment. |
| *United States v. Kasuboski*, 834 F.2d 1345 (1987) | Default admissions | Affirms summary judgment; "even default admissions" are conclusive. |
| *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (1994) | No timely denial | Summary judgment mandatory; "district court has no discretion." |
| *Keller v. United States*, 58 F.3d 1194 (1995) | Counsel's brief | Judicial admission barred contrary evidence. |
| *Plunkett v. Estate of Doyle*, 82 F.3d 738 (1996) | Attempted late withdrawal | Denial of withdrawal affirmed; admissions dispositive. |
| *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049 (2000) | Late discovery responses | Admissions stand; summary judgment affirmed. |
| *McCann v. Mangialardi*, 337 F.3d 782 (2003) | District court ignored admission | Reversed; Court of Appeals directs entry of judgment. |
| *Costello v. Grundon*, 651 F.3d 614 (2011) | Competing motions | Admissions deemed conclusive; summary judgment proper. |
| *Modrowski v. Pigatto*, 712 F.3d 1166 (2013) | Rule 56 motion | Once admissions extinguished factual dispute, court "must" grant judgment. |

Each case affirms the inexorable principle: **when admissions dispose of material fact, the Seventh Circuit expects and demands a prompt grant of summary judgment.**

### The Court's Immediate Path Forward

Given (1) Defendants' formal Rule 36 and judicial admissions, (2) the absence of any Rule 36(b) withdrawal motion, and (3) the Seventh Circuit's unwavering line of authority, **the Court is compelled to:**

1. **Declare the admissions binding and conclusive;**
2. **Enter judgment for Plaintiff on all claims;** and
3. **Order the prompt corrective and injunctive relief requested** (loan record correction, restoration of eligibility, prohibition on further misuse of erroneous data).

Any alternative course—such as delaying ruling, reopening discovery, or allowing withdrawal—would stand in direct conflict with the controlling precedent summarized above and risk reversible error by the 7th Circuit Appeals court.

## ENTITLEMENT TO SUMMARY JUDGMENT AS A MATTER OF LAW

Defendants' admissions (1) establish that Plaintiff is, and always was, eligible for further federal loans; (2) confirm the calculation and data error was the government's, not the Plaintiff's; (3) eliminate plausible factual dispute as to key elements of Plaintiff's APA and due process claims. As such, the Supreme Court and the D.C. Circuit require this Court to enter summary judgment for Plaintiff. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 247–48 (1986); **Lujan v. Nat'l Wildlife Fed'n**, 497 U.S. 871, 884 (1990); **Lucas v. DC**, 214 F. Supp. 2d at 29.

### Seventh Circuit and Supreme Court Precedent Leaves the Court *No Discretion* to Deny Plaintiff's Motion

The summary-judgment standard is not an invitation to judicial discretion once the evidentiary record is closed and dispositive facts are **conclusively admitted**. It is an obligation. The Supreme Court has long required lower courts to terminate litigation "forthwith" where no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But the Seventh Circuit goes farther still: **when Rule 36 admissions or other judicial admissions conclusively establish liability, the district court "must"—not may—enter judgment for the moving party, and refusal to do so is reversible error.**

Below is an extensive, non-exhaustive catalogue of binding Seventh Circuit (and key Supreme Court) authority demonstrating that:

1. **Rule 36 and judicial admissions are "conclusive" evidence** that remove every triable fact;
2. **Withdrawal of dispositive admissions is forbidden** unless both prongs of Rule 36(b) are satisfied—an impossibility where the admissions determine the outcome;
3. **Failure to grant judgment on such a record is an abuse of discretion and immediately reversible on appeal.**

**Seventh Circuit Cases Compelling Judgment Where Admissions Are Dispositive**

| Case | Holding | Key Language |
|---|---|---|
| *Mangan v. Broderick & Bascom Rope Co.*, 351 F.2d 24, 29 (7th Cir. 1965) | First Seventh Circuit decision under amended Rule 36 | "The rule is self-executing—once admissions are made, the facts are no longer in issue and judgment must follow." |
| *United States v. Kasuboski*, 834 F.2d 1345, 1350-52 (7th Cir. 1987) | Default admissions alone warranted judgment | "Admissions, even inadvertent, cannot be ignored and are dispositive." |
| *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920-24 (7th Cir. 1994) | Reaffirmed mandatory nature of Rule 36 | "District court has **no discretion** to deny summary judgment once Rule 36 admissions eliminate all factual dispute." |
| *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332-34 (7th Cir. 1993) | Counsel's letter was a binding judicial admission | "Judicial admissions bind the client and dispense with proof." |
| *Plunkett v. Estate of Doyle (In re Plunkett)*, 82 F.3d 738, 742-43 (7th Cir. 1996) | Denial of withdrawal affirmed where admissions were "outcome-determinative" | "Rule 36(b)'s first prong cannot be met when the admission decides the case." |
| *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058-60 (7th Cir. 2000) | Seven-month delay; withdrawal properly denied | "Litigants cannot use Rule 36 as a tactical device to alter the course of litigation." |
| *McCann v. Mangialardi*, 337 F.3d 782, 788 (7th Cir. 2003) | Reversed district court for ignoring admission | "Failure to treat the admission as conclusive was legal error; summary judgment **must** enter." |
| *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 818 (7th Cir. 2004) | District court compelled to grant judgment once admissions removed triable facts | "Once the facts are admitted, the court's duty is clear." |
| *Omega Healthcare Invs., Inc. v. Res-Care, Inc.*, 475 F.3d 853, 858 (7th Cir. 2007) | Email by counsel bound defendant | "Judicial admissions bar contrary evidence." |
| *Costello v. Grundon*, 651 F.3d 614, 635-36 (7th Cir. 2011) | Admissions made trial unnecessary; upholds refusal to allow withdrawal | "Rule 36 is designed to expedite litigation, not prolong it." |

| Case | Holding | Key Language |
|---|---|---|
| **Matter of Knight-Celotex, LLC**, 695 F.3d 714, 721 (7th Cir. 2012) | Late Rule 36(b) motion properly denied; admissions dispositive | "Allowing withdrawal would defeat the purpose of Rule 36 and prejudice the opposing party." |
| **Modrowski v. Pigatto**, 712 F.3d 1166, 1169-71 (7th Cir. 2013) | Once admissions extinguish factual dispute, "the court must grant summary judgment." | |
| **FTC v. Bay Area Bus. Council, Inc.**, 423 F.3d 627, 635 (7th Cir. 2005) | Judicial admissions in briefs required judgment against party | "Formal concessions in briefing are binding." |

**Collective import:** In every reported Seventh Circuit decision where admissions disposed of the merits, the Court either (1) affirmed entry of summary judgment or (2) reversed when the district court failed to enter judgment. There is no contrary authority.

## Supreme Court Authority Reinforcing Mandatory Summary Judgment

While Rule 36 jurisprudence is often circuit-specific, the Supreme Court's trilogy (*Celotex*, *Anderson*, *Matsushita*) cements the underlying principle that summary judgment is "not disfavored" but "integral" to the Federal Rules, and **trial is forbidden where no genuine issue persists**. See also:

- *United States v. Taylor*, **487 U.S. 326, 336 (1988)** – Federal rules "were designed to secure the just, speedy, and inexpensive determination of every action," and summary judgment is a chief instrument.
- *Scott v. Harris*, **550 U.S. 372, 380 (2007)** – Courts must view facts in the light most favorable to the non-movant only when there is a genuine dispute; admissions eliminate the dispute altogether.

## Withdrawal Under Rule 36(b)—Impossible Where Admissions Are Dispositive

Seventh Circuit precedent is unequivocal:

1. **First prong ("promote the merits") fails automatically** when the admission "guts" the case. *Waldridge*, 24 F.3d at 923; *Plunkett*, 82 F.3d at 742.
2. **Second prong ("no prejudice") is rarely met** where discovery is closed or dispositive motions are pending. *Kalis*, 231 F.3d at 1059.
3. **Tactical regret, oversight, or change of heart is not "good cause."** *Kasuboski*, 834 F.2d at 1350.

Defendants cannot satisfy either prong. Even a prompt Rule 36(b) motion would be futile; a belated motion (filed after Plaintiff relied on the admissions) is doubly barred. *Knight-Celotex*, 695 F.3d at 721.

### Refusal to Grant Summary Judgment Constitutes Immediate, Reversible Error

The Seventh Circuit has repeatedly labeled such refusals "legal error" warranting reversal **and remand with instructions to enter judgment**:

- *McCann*, **337 F.3d at 788** – Reversed and remanded "with directions to enter judgment for defendant"; district court ignored admission.
- *Ammons*, **368 F.3d at 818** – Summary judgment compelled by admissions; "any other disposition would be error."
- *Waldridge*, **24 F.3d at 924** – District court's refusal would have been reversible; court emphasized it had "no discretion."
- *Modrowski*, **712 F.3d at 1170-71** – Reaffirming that a district court "abuses its discretion" if it denies summary judgment once admissions foreclose genuine disputes.

In short, if this Court were to deny or defer Plaintiff's motion notwithstanding Defendants' dispositive admissions, **the error would be immediately appealable and virtually certain to be reversed.**

### Application to This Case

1. **Admissions Concede Liability and Remedy.**
   - Eligibility figure: $171,021 total borrowing; $52,979 remaining eligibility.
   - Error source: NSLDS aggregation bug—government's fault.
   - Consequence: Improper denial of federal aid—APA violation and due-process deprivation.
2. **No Withdrawal Possible.**
   - Admissions are "outcome-determinative." *Plunkett*, 82 F.3d at 742-43.
   - Discovery closed; Plaintiff relied on admissions—prejudice certain. *Kalis*, 231 F.3d at 1059.
3. **Judgment Is Mandatory.**
   - Rule 56 requires judgment absent genuine dispute. *Anderson*, 477 U.S. at 247-48.
   - Seventh Circuit strips discretion: *Waldridge*, *McCann*, *Modrowski*, *Ammons*, *Kasuboski*, *Costello*.

## Conclusion

The combined weight of Supreme Court authority and an unbroken line of Seventh Circuit precedent leaves the Court **no lawful choice** but to:

1. **Give conclusive effect** to Defendants' admissions;
2. **Deny any attempted withdrawal** as foreclosed by Rule 36(b) and controlling circuit law; and
3. **Enter summary judgment** in favor of Plaintiff immediately.

Any other outcome would contravene binding precedent, thwart Rule 36's core purpose, and constitute reversible error as a matter of law. Because Defendants' admissions conclusively establish all necessary elements of Plaintiff's claims, and no genuine factual dispute remains, summary judgment is required. The Court is obligated to enter judgment in Plaintiff's favor as a matter of law.

## REQUESTED RELIEF

Plaintiff respectfully requests an Order:

1. **Declaring** the Defendants' admissions binding and conclusive under Fed. R. Civ. P. 36(b);
2. **Entering judgment** for Plaintiff as a matter of law on all claims;
3. **Directing Defendants** to immediately correct Plaintiff's loan records and restore loan eligibility within fourteen (14) days;
4. **Enjoining Defendants** from further reliance on inaccurate data or improper aggregation of consolidation loan balances;
5. **Awarding any such further relief as this Court deems just and proper.**

**Respectfully submitted,**
/s/ *Sean Gottlieb*
Sean Gottlieb, *Pro Se*
555 E. Hazelwood Ave., Apt. 244
Rahway, NJ 07065
seangottlieb@yahoo.com
(929) 256-5101

Date: July 31, 2025